NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHRISTOPHER ILANDERS STREET,

Petitioner-Appellant,

v.

NEVADA DEPARTMENT OF
CORRECTIONS; ATTORNEY
GENERAL FOR THE STATE OF
NEVADA,

Respondents-Appellees.

No.    16-15554

D.C. No.
3:13-cv-00396-RCJ-VPC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted December 4, 2017[**]
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Before:     **KOZINSKI** and **HURWITZ**, Circuit Judges, and **KEELEY**,[***] District Judge.

1.  Under AEDPA, to establish an entitlement to equitable tolling of the deadline for filing a federal habeas petition, a petitioner must show that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way that prevented timely filing.  Holland v. Florida, 560 U.S. 631, 649 (2009).  A mental impairment only constitutes an extraordinary circumstance if it was so severe that the "petitioner was unable rationally or factually to personally understand the need to timely file, or . . . petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing."  Bills v. Clark, 628 F.3d 1092, 1100 (9th Cir. 2010).  While incarcerated, Street repeatedly made statements to prison doctors denying that he was experiencing psychological symptoms.  The district court correctly found that Street failed to demonstrate the type of severe mental impairment that would justify equitable tolling.

2.  Street has presented no evidence of abandonment by counsel within the window of time for which he seeks equitable tolling.  The district court correctly denied tolling for this period.

---

[***]     The Honorable Irene M. Keeley, United States District Judge for the Northern District of West Virginia, sitting by designation.

**3.** Because Street's two prior claims to equitable tolling fail, we need not decide whether Street was entitled to tolling between May 14, 2013 and July 22, 2013. The one-year filing window had already closed by that point.

**AFFIRMED.**